ROSA B. PHILLIPS, RESPONDENT, *v.* HENRY B. MELVILLE, APPELLANT.

*Revival of action by executrix — right of action shown to be in her individually — power of court to amend pleadings upon the trial — Form of verdict and judgment in action for recovery of personal property — Code, § 277.*

After issue joined in an action, brought to recover the possession of personal property, the plaintiff died, and thereafter the action was revived in the name of his widow as his executrix. Upon the trial it appeared that the husband had no title to the property, but that the same was owned by the wife in her own right. *Held*, that the court had no power to amend the summons and complaint

by striking out the word "executrix," and thus allow the plaintiff to recover by virtue of her own title to the property.

In an action to recover the possession of personal property, which has not been delivered to the plaintiff, the jury should assess the value of the property and damages for its detention, and not simply find a general verdict for damages; and the judgment in such a case should be for the recovery of the property, or the value thereof in case a delivery could not be had, together with damages for its detention.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Benj. F. Carpenter*, for the appellant.

*A. K. Hadley*, for the respondent.

DANIELS, J.:

This action was brought to recover the possession of personal property alleged to be wrongfully withheld by the defendant. It was commenced in the name of Augustus E. Phillips, as plaintiff, who, in his own right, claimed the recovery of the property. He died after issue was joined, and on motion made for that purpose the action was by order revived in favor of his widow, the present plaintiff, as his executrix. Upon the trial the evidence tended to show that the property belonged to her in her own right, and that her husband had no interest in it. The court thereupon, on her motion, struck out the term executrix, which made the action a suit in her favor personally, and in that form it was allowed to be maintained. The defendant excepted to the decision allowing this change in the action, and that exception is relied upon in support of the present appeal. According to the order which was made for its revival, the action was revived only in the plaintiff's favor as the executrix of her husband's estate, and it was consequently in his right that she was allowed under that to continue and prosecute it. She then claimed no other transfer of the interest in it, and for that reason no other relief could be awarded to her under the provision allowing the revival of actions commenced by parties, afterward deceased. (Code, § 121.)

Upon the trial it appeared that the deceased plaintiff had no interest in the property sought to be recovered. For that reason she could not succeed in the action as his executrix. And when that appeared, the form of the proceeding underwent a further change, by which it was converted into an action in her own favor individually. This introduced a new right into the case wholly inconsistent with that on which it had previously proceeded. Instead of being prosecuted, as it was commenced, to vindicate the right of her husband to the property, it was from that time carried on to maintain her right to the property. That made it a new action, distinct and separate from the manner in which it had been commenced by the deceased plaintiff. It no longer depended upon his rights, but was based solely upon her own. This presented the case of a failure of proof, and not a variance. The allegation which had been originally made as the foundation of the case was left unproved in its entire scope and meaning, and for that reason the defect which the evidence developed could not be amended or corrected, as this was on the trial of the action. (Code, § 171.)

The change permitted made a new action, and that could not be done by the court at the trial. ( *Whitcomb* v. *Hungerford*, 42 Barb., 178; *Bush* v. *Tilley*, 49 id., 600; *Ford* v. *Ford.*, 53 id., 525.)

The property was not delivered to the plaintiff in the action, and the only verdict in the case was one for damages. That was not in the form which the law has required to be followed in this class of cases. The jury, in addition to finding for the plaintiff, should have assessed the value of the property and damages for its detention, instead of simply and solely finding a general verdict for damages. (Code, § 261.)

The same error was followed in the entry of the judgment, which was for the recovery of the damages, and not as it should have been for the recovery of the property or the value thereof in case a delivery of possession could not be had, with damages for its detention, by the defendant. (Code, § 277; *Dwight* v. *Enos*, 5 Seld., 470.) In this case it was held that where " a plaintiff in this species of action is already in possession of the property, if he succeeds in the suit he merely takes a judgment to confirm his possession, and for his damages and costs; but in case he has not obtained possession, he should take a judgment in the alternative that he

recover the possession, and that the goods be delivered to him, etc., or that he recover the value thereof, specifying such value as found by the jury, in case a delivery of the goods cannot be had, together with his damages, etc." (Id., 474.) And it was afterward further added by the learned judge who delivered the opinion of the court that he regarded it "as entirely clear that neither a plaintiff nor a defendant in an action to recover the possession of personal property can take judgment for the value of the property, except as an alternative." (Id., 476.)

For these reasons the judgment as well as the order denying the motion made for a new trial should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.